IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN ARMAND HARRIS,

    Plaintiff,

v.

STATE OF OREGON, et al.,

    Defendants.

Case No. 3:21-cv-00652-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

Plaintiff, an inmate at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted him leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

Plaintiff initiated this case with a rambling Complaint in which he appears to principally allege that, due to inadequate

law libraries at the Multnomah County Detention Center and the Multnomah County Inverness Jail, he was unable to effectively defend himself in a state criminal case that resulted in his DUI conviction and 13-month term of incarceration. He seeks $2,500,000 in damages.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v.*

*Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Plaintiff's Complaint is deficient insofar as it does not include a short, plain statement of his discrete claims, making them difficult to parse.

In addition, a plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with

the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). Plaintiff fails to clearly identify how each named Defendant, acting under color of state law, personally participated in the deprivation of a federal constitutional right.

Moreover, Plaintiff brings suit against a number of municipal entities but makes no claim that would establish municipal liability. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). He also seeks to bring this lawsuit against entities (and possibly individuals) that are not subject to suit, such as the Multnomah County Circuit Court, the Multnomah County District Attorney's Office, and the State of Oregon. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 (9th Cir. 2003) (states and their agencies are immune from

suit); *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997) (prosecutorial immunity); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) judicial immunity).

Finally, although Plaintiff takes issue with his purported lack of access to the courts due to deficient law libraries within Multnomah County, he was entitled to court-appointed counsel for his criminal proceedings.[1] *See* ORS 135.040 (statutory right to counsel). The offer of court-appointed counsel is sufficient to satisfy Plaintiff's right of access to the courts, even if the law libraries at his disposal were inadequate. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982). For all of these reasons, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Should Plaintiff wish to continue with this case, he must file an amended complaint

---

[1] Aside from his state DUI proceeding, Plaintiff also references a federal criminal case, *U.S. v. Harris*, 3:19-cr-00034-MO-1, which is ongoing and where the Court's public records show that he is represented by counsel.

within 30 days that: (1) cures the deficiencies with his original Complaint; (2) names all defendants in its caption; (3) describes how each named defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

The Clerk is directed to send Plaintiff a civil rights complaint form for his use.

IT IS SO ORDERED.

June 18, 2021
DATE

_/s/ Marco Hernandez_
Marco A. Hernandez
United States District Judge